# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RUBI MONSIVAIS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 1:15-CV-1930 AWI<br>(Criminal Case No. 1:05-CR-368 AWI-5)<br><br>ORDER ON APPLICATION FOR WRIT OF ERROR CORAM NOBIS |

On October 4, 2006, Maria Monsivais ("Petitioner") pled guilty pursuant to a violation of 18 U.S.C. §§ 2 and 1018, aiding and abetting the production of a false official certificate, pursuant to a plea agreement. See Crim. Doc. Nos. 56, 57. On December 18, 2006, Petitioner was sentenced to 12 months of probation. See Crim. Doc. No. 69. Judgment and commitment were entered on December 27, 2006. See Crim. Doc. No. 72. Petitioner did not appeal her sentence.

On December 28, 2015, Petitioner filed this application for a writ of error *coram nobis*. See Civ. Doc. No. 1. Petitioner states that her conviction makes her unable to prove that she has "good character" for purposes of § 212 of the Immigration and Nationalization Act. See id. Petitioner states that she discovered that she could not become a citizen due to her 2006 conviction in 2015, when she was denied citizenship. See id.

"*Coram nobis* is an extraordinary writ, used only to review errors of the most fundamental character." Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002). "To warrant *coram nobis* relief, the petitioner must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the

conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." United States v. Monreal, 301 F.3d 1127, 1132 (9th Cir. 2002). A writ of error *coram nobis* may be denied without a hearing if the petition's allegations fail to show an adequate basis for issuance of the writ. See Maghe v. United States, 710 F.2d 503, 503-04 (9th Cir. 1983). A writ of error *coram nobis* must be filed in the sentencing court. See Monreal, 301 F.3d at 1131.

The petition is based on two general grounds. However, the Court finds that neither ground is sufficient to warrant relief.

First, Petitioner contends that her counsel was ineffective by not informing her of the immigration consequences of her guilty plea. It is true that the Supreme Court has held that the failure of counsel to inform her client of the possibility of deportation arising from a guilty plea can constitute ineffective assistance of counsel for purposes of the Sixth Amendment. See Padilla v. Kentucky, 559 U.S. 356, 366 (2010). However, the Supreme Court has also held that *Padilla* announced a new rule and that "defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding." Chaidez v. United States, 568 U.S. 342, 358 (2013). In *United States v. Herzer*, 676 F. App'x 673 (9th Cir. 2017), the Ninth Circuit addressed a request for *coram nobis* relief based on counsel's alleged failure to inform Herzer that his guilty plea conviction would be a bar to citizenship. Because Herzer's conviction was final before *Padilla* was decided, *Chaidez* foreclosed any relief. Herzer, 676 F. App'x at 673. Here, Petitioner's case is indistinguishable from *Herzer*. Petitioner's conviction became final in 2007 and *Padilla* was decided in 2010. Therefore, *Chaidez* bars Petitioner from obtaining relief based on her counsel's failure to advise her of immigration consequences, and more specifically the bar to citizenship, resulting from her guilty plea.[1] See Chaidez, 568 U.S. at 358; Herzer, 676 F. App'x at 673.

Second, Petitioner contends that at the time she entered her plea, she was under extreme stress and anxiety and that she did not understand the rights she was waiving. Petitioner's

---
[1] Petitioner relies heavily on *United States v. Kwan*, 407 F.3d 1005 (9th Cir. 2005). *Kwan* found that an attorney who affirmatively misadvised a client about the immigration consequences of a guilty plea was deficient. See Kwan, 407 F.3d at 1015-16; see also Herzer, 676 F. App'x at 674; Rocha v. United States, 675 F. App'x 713, 714 (9th Cir. 2017). However, the petition in this case is based on a failure to inform, not affirmative misleading. See Civ. Doc. No. 1. Therefore, *Kwan* does not apply. See Herzer, 676 F. App'x at 674.

2

declaration states in part that: she was "stressed and anxious" due to her son's condition brain damaged condition; she was under extreme emotion distress from the death of her brain-damaged son; her daughter died in May 2007 (about a year after her son); she suffered from extreme tightness in muscles, pneumonia, and seizures; she does not remember what she signed as a Plea Agreement; and because of these issues she did not understand the rights she was waiving. See Monsavais Dec. ¶¶ 9-12. However, a review of the change of plea hearing and sentencing hearing does not reveal any of these matters. The transcript of the plea hearing shows Plaintiff was assisted by an interpreter and her counsel. See Crim. Doc. No. 103. The transcript also shows *inter alia* that: Plaintiff affirmatively stated that she had not recently been treated for any mental illness, she had fully reviewed and discussed the misdemeanor information with her attorney, she fully discussed and reviewed a translated copy of the plea agreement (and its consequences) with her attorney, she understood all of the terms of the plea agreement, she pled guilty because she was guilty, she waived appellate and trial rights after having those rights explained by the Court, and she agreed to the factual basis of the charged offense. See id. In other words, Petitioner's rights were explained and she stated that she understood her rights. Similarly, at the sentencing hearing, Petitioner stated that she had fully discussed the presentence report, and when asked if she wanted to anything about the report or sentence, she said, "No. Everything's fine." Doc. No. 104. Thus, there was ample opportunity for Petitioner to raise any questions regarding the rights that she was waiving, or to inform the Court of any undue stress that could be affecting her understanding of what she was doing. The change of plea transcript demonstrates a knowing and voluntary guilty plea, and the sentencing transcript indicates that the matter was proceeding as expected. See id. Additionally, courts have recognized that it is highly unlikely that depression, stress, or anxiety, or some combination of the three, will render a guilty plea involuntary or unknowing. See Tanner v. McDaniel, 493 F.3d 1135, 1145-46 (9th Cir. 2007); Miles v. Dorsey, 61 F.3d 1459, 1470 (10th Cir. 1995); Simon v. Valenzuela, 2017 U.S. Dist. LEXIS 46863, *13-*14 (C.D. Cal. Jan. 27, 2017). Although Petitioner has submitted information that indicates that her son suffered a catastrophic brain injury, there is no indication that Petitioner was taking any medications or undergoing any kind of treatment to cope with that situation or any other situation.

Also, the Court does not trivialize and is sympathetic to the pain that is caused from the death of a child, let alone the deaths of two children. However, the plea agreement was signed and the change of plea hearing both occurred on October 4, 2006. Petitioner states that her daughter died in an accident in May 2007. Because the accidental death had not yet occurred, the death of Petitioner's daughter in no way could have affected Petitioner's plea. Further, Petitioner states that her son died about one year before her daughter, which would be about May 2006. This is five months prior to the October 2006 plea. With the death of her son, there would no longer be the stress associated with caring for his needs. Although the death itself could reasonably be expected to affect Petitioner in October 2006, again, there is no indication that Petitioner sought any treatment or was taking any medications to deal with her stress. Therefore, there is an insufficient indication that Petitioner's plea was involuntary. See Tanner, 493 F.3d at 1145-46.

Because Petitioner has not shown that a fundamental error affected her conviction, the Court will not issue a writ of error *coram nobis*.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's application for a writ of error *coram nobis* is DENIED.

IT IS SO ORDERED.

Dated: August 7, 2017

_____
SENIOR DISTRICT JUDGE